94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dupree Lamar MEADOWS, Defendant-Appellant.
 No. 95-10495.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dupree Lamar Meadows appeals his jury conviction of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1]
 
 
 3
 Meadows first contends that the district court erred in denying his motion to dismiss the § 922(g)(1) count because the fact that a firearm may have once traveled in interstate commerce is insufficient, as a matter of law, to establish the requisite nexus with interstate commerce with which to confer congressional authority to regulate the subsequent possession of the firearm. Meadows acknowledges that this court rejected the claim that § 922(g)(1) exceeds Congress' authority under the Commerce Clause in United States v. Hanna, 55 F.3d 1456, 1461-62 (9th Cir.1995), and United States v. Collins, 61 F.3d 1379, 1383 (9th Cir.1995), 116 S.Ct. 543 (1995). Meadows asks us, however, to revisit the issue in light of our subsequent decision in United States v. Pappadopoulos, 64 F.3d 522 (9th Cir.1995), which held that the fact that a residence received natural gas from out-of-state sources was insufficient to confer federal jurisdiction in a prosecution under 18 U.S.C. § 844(i) (arson of personal property used in interstate or foreign commerce). A panel of this court not sitting en banc lacks authority to overturn prior Ninth Circuit precedent. See United v. Lucas, 963 F.2d 243, 247 (9th Cir.1992). Moreover, this court recently rejected a Commerce Clause challenge to § 922(g) in a post-Pappadopoulos decision. See United States v. Nguyen, Nos. 95-50278 and 95-50281, slip op. 8225, 8242-43 (9th Cir. July 9, 1996).
 
 
 4
 Meadows also contends that the district court erred in denying his motion for judgment of acquittal because even if Congress does not lack authority to regulate possession of a firearm, the mere fact that the firearm was once shipped or transported in interstate commerce is insufficient to satisfy the interstate commerce element of § 922(g)(1). This contention lacks merit. We recently held that the jurisdictional element of § 922(g)(1) is satisfied by the fact that the firearm "had at some time been in interstate commerce." Id., at 8241.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Meadows does not specifically challenge his additional conviction of one count of receipt of a firearm while under indictment, in violation of 18 U.S.C. § 922(n)