97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sidney Randall FERRELL, Defendant-Appellant.
 No. 95-50531.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1996.*
Decided Sept. 24, 1996.
As Amended on Denial of Rehearing Nov. 15, 1996.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Sidney Randall Ferrell appeals his conviction and sentence under the Sentencing Guidelines, imposed following his conditional guilty plea to firearm possession by a felon in violation of 18 U.S.C. § 992(g)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1294(1), and we affirm the conviction and sentence.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 Ferrell was driving a large panel van in Carlsbad, California, at 4:50 on the morning of May 12, 1995, when he was observed by Police Officer Preston. After Preston noticed that 1) the van's brake lights were not working and 2) Ferrell failed to signal before making a right turn, he stopped the van. Ferrell was unable to produce a valid driver's license so Preston arrested him. After the arrest, Preston found a loaded .22 caliber pistol and four twelve-gauge shotgun shells on Ferrell's person. A loaded twelve-gauge shotgun, a loaded nine-millimeter pistol, three knives, and three ski masks were found in the van.
 
 
 5
 Ferrell was indicted and charged in Count 1 with being a felon in possession of a Rhom .22 pistol, a Maverick twelve-gauge pump shotgun, and a Smith and Wesson nine-millimeter pistol, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).
 
 
 6
 Ferrell's motion to suppress evidence was denied by the district court. Ferrell pled guilty to Count 1 of the indictment and a conditional plea agreement was filed. At the sentencing hearing, the district court granted Ferrell a two-point reduction in the offense level for acceptance of responsibility. The district court refused to grant an additional one-point reduction for "super" acceptance under Section 3 E1.1(b)(2) which decreases the offense level by 1 additional level where the defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." The district court found that Ferrell had not informed the Government nor the court that he was going to plead guilty until the day before trial and denied the additional reduction. Ferrell was sentenced to forty-one months in custody followed by three years of supervised release.
 
 DISCUSSION
 
 7
 On appeal Ferrell raises three issues. First, he argues that the district court erred in denying his motion to suppress because the evidence was procured by a pretextual traffic stop. Where an officer has probable cause to believe that a violation of the traffic code has occurred, a stop is reasonable under the Fourth Amendment. Whren v. United States, 116 S.Ct. 1769, 1776 (1996). The district court properly denied the motion to suppress.
 
 
 8
 Second, Ferrell argues the district court erred in failing to grant a downward adjustment for his confession to the crime under Sentencing Guideline Section 3E1.1(b)(1). Ferrell did not raise this argument at sentencing. As a consequence, the argument is waived on appeal. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 
 9
 Third, Ferrell asserts that 18 U.S.C. § 922(g) is invalid under the Tenth Amendment to the United States Constitution. We have rejected this argument. United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir.1995).
 
 CONCLUSION
 
 10
 We AFFIRM Ferrell's conviction and sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3