131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antwan E. BROWN, Defendant-Appellant.
 No. 96-36077.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of Alaska, D.C. Nos. CV-96-00260-JWS CR-94-00137-JWS; John W. Sedwick, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Antwan E. Brown appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction and the sentence imposed for maintaining a place for drug trafficking and receipt of unregistered firearms. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Brown contends his firearm conviction must be vacated because 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause. We reject this claim in light of United States v. Collins, 61 F.3d 1379 (9th Cir.1995) and United States v. Hanna, 55 F.3d 1456 (9th Cir.1995).
 
 
 4
 Brown's contention that his sentence violates the Equal Protection clause was resolved against him by this Court in his direct criminal appeal. See United States v. Brown, No. 95-30129, unpublished memorandum disposition (9th Cir. Dec. 29, 1995). Accordingly, Brown cannot use this section 2255 motion to reargue the matter. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam)
 
 
 5
 Finally, we reject as unsupported by the record Brown's allegation that the district court improperly computed his sentence under U.S.S.G. § 2D1.1 by converting the money from his drug proceeds into the equivalent for crack cocaine rather than powder cocaine.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that Brown's motion was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, 110 Stat. 1214 (1996). Applying the Act, a motions panel of this court granted Brown a Certificate of Appealability on the Commerce Clause issue. Brown and the government nonetheless briefed the other issues raised in his motion. Because our disposition of this appeal resolves all issues against Brown, we need not consider whether the Certificate of Appealability limited the issues for review