141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Marvin MOORE, Defendant-Appellant.
 No. 97-30138.
D.C. No. CR-96-00047-DWM.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Montana, Donald W. Molloy, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marvin Moore appeals his jury conviction and sentence for being an armed career criminal in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 Moore contends that the district court erred by denying his motion for judgment of acquittal because the government failed to prove that the firearm and ammunition were recently transported in interstate commerce. This contention lacks merit because, as this court recently explained, "18 U.S.C. § 922(g) requires only that the firearm was at some time in interstate commerce." United States v. Casterline, 103 F.3d 76, 77 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 106, 139 L.Ed.2d 60 (1997) (internal quotations omitted); see also United States v. Clawson, 831 F.2d 909, 913 (9th Cir.1987) (evidence that firearm had been manufactured in Germany was sufficient to prove firearm had moved in interstate commerce.).[1]
 
 
 4
 Moore contends that the instructions submitted to the jury misstated the elements because the instructions did not require that Moore's possession of the firearm and ammunition was either "in" or "affecting" commerce. This contention lacks merit because the instruction regarding the jurisdictional element conveyed all that was required: that the firearm and ammunition "have been, at some time, in interstate commerce." See Scarborough v. United States, 431 U.S. 563, 564-67, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).[2]
 
 
 5
 Finally, Moore contends that the district court erred by sentencing him as an armed career criminal under section 924(e) because his prior Mississippi state convictions did not qualify as violent felonies. In support of his argument, Moore points out that the state of Mississippi does not prohibit felons from possessing a shotgun. However, whether Mississippi expressly prohibited Moore from possessing firearms only becomes relevant if his civil rights were substantially restored. See United States v. Collins, 61 F.3d 1379, 1382 (9th Cir.1995) (explaining two stage analysis). At sentencing, Moore conceded this had not occurred. Accordingly, his Mississippi convictions were properly used as predicate offenses for section 924(e). See id. at 1383.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the same reason, we reject Moore's contention that the district court erred by instructing the jury that the jurisdictional element was satisfied by proving that the firearm "anytime, had travelled across a state boundary line." See Casterline, 103 F.3d at 77
 
 
 [2]
 Moore's contention that such a reading of the statute fails to distinguish between all three terms of the statute was also rejected in Scarborough. See Scarborough, 431 U.S. at 576