145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mark DAVIDSON, Defendant-Appellant.
 No. 97-50396.
DC No. CR-97-0087-JGD-1.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1998.
Decided May 27, 1998.
 
 Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.
 Before SCHROEDER, PREGERSON, and TROTT**, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Davidson appeals from his conditional guilty plea conviction to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).
 
 
 3
 Davidson argues that the district court erred when it denied his motion to suppress because the information in the warrant was five months old and thus "stale." In United States v. Lacy, 119 F.3d 742, 746 (9th Cir.1997), this court upheld the search warrant in a case very similar to the instant appeal, but in which the delay was longer. In Lacy, the affidavit stated that the defendant had downloaded six picture files containing images of minors engaged in sexually explicit activity. Although the information was ten months old, the court found that it was not stale because the affidavit explained that collectors of child pornography "rarely if ever" dispose of their images. See id. at 746. Therefore, under Lacy, the information in Davidson's search warrant is not stale. See id.
 
 
 4
 Davidson's attempt to distinguish Lacy is unpersuasive. It is at least equally likely that a person who uploads an image still possesses that image, as a person who downloads an image.
 
 
 5
 Also unpersuasive is Davidson's argument that the expert opinion about collectors of pornography in general is insufficient to establish probable cause that he is a collector. Davidson relies on United States v. Weber, 923 F.2d 1338 (9th Cir.1991). Yet the defendant in Lacy also challenged the foundation of the affidavit information on the basis of Weber. We held that the affidavit contained "sufficient evidence that Lacy had downloaded computerized visual depictions of child pornography to provide a foundation for evidence regarding the practices of possessors of such pornography." Lacy, 119 F.3d at 746 n. 6. Similarly, in the instant case, the affidavit alleged sufficient evidence that Davidson transmitted images of child pornography to his correspondent, Tarheel 626. The affidavit provided the times, message content and descriptions of the images for each of Davidson's sessions. Accordingly, the evidence was sufficient to provide a foundation for evidence regarding the practices of child pornography possessors. See id.
 
 
 6
 Davidson also contends that the warrant is defective because it did not advise the magistrate that Davidson was a longtime investigative journalist. Davidson argues that the affidavit did not adequately explore the First Amendment concerns inherent in searching the home of an investigative journalist as required by Zurcher v. Stanford Daily, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).
 
 
 7
 Davidson does not contend the government deliberately or recklessly misinformed the magistrate. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); United States v. Collins, 61 F.3d 1379, 1384 (9th Cir.1995) (whether affidavit contains deliberate or reckless omissions of facts that tend to mislead is determined in a Franks hearing upon substantial showing by defendant). Davidson argues that under Zurcher, the review of search warrant applications that have First Amendment implications is more exacting. See Zurcher, 436 U.S. at 565. This argument is without merit. First, unlike Zurcher the search warrant application did not have First Amendment implications on its face. Second, even if the First Amendment implications were apparent, Zurcher does not require a more exacting review. In Zurcher, the Court held that "[p]roperly administered, the preconditions for a warrant ... should afford sufficient protection against the harms that are assertedly threatened by warrants for searching newspaper offices." Id. Accordingly, the district court is AFFIRMED.
 
 
 
 **
 Judge Trott has read the briefs and listened to a tape recording of the argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3