UNITED STATES of America,
Plaintiff—Appellee,

v.

James Michael NEWMEYER,
Defendant—Appellant.

No. 03–30232.

D.C. No. CR–02–00022–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.\*

Decided Dec. 22, 2003.

Barry McHugh, Asst. U.S. Atty., Office of the U.S. Attorney, Coeur d'Alene, ID, Aaron N. Lucoff, United States Attorney's Office, Boise, ID, for Plaintiff–Appellee.

Brian D. Thie, Moscow, ID, for Defendant–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

908

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

James Newmeyer appeals his conviction for six counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred in denying his motion to dismiss these counts because under strict scrutiny analysis, § 922(g)(1) violates the Commerce Clause, the Equal Protection Clause, and the Second and Tenth Amendments. This contention is foreclosed by our holdings that the Second Amendment does not confer on individual citizens a right to bear arms, *United States v. Hancock,* 231 F.3d 557, 565–66 (9th Cir.2000) (upholding § 922(g)(9) under rational basis analysis against equal protection challenge), and that § 922(g)(1) is a valid exercise of Congress' power under the Commerce Clause, *United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.), *cert. denied,* 534 U.S. 1013, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001), and thus does not violate the Tenth Amendment, *United States v. Collins,* 61 F.3d 1379, 1384 (9th Cir.), *cert. denied,* 516 U.S. 1000, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

