**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Henry EKEH, aka Jarran Hampton,
Defendant—Appellant.**

No. 03–50089.
D.C. No. CR–01–00124–DT–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2004.

Decided Jan. 30, 2004.

Ronald L. Cheng, Esq., Kevin Scott Rosenberg, David A. Kettel, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jilbert Tahmazian, Glendale, CA, for Defendant–Appellant.

Before FRIEDMAN,* TROTT, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Henry Ekeh appeals his conviction for knowingly making a false statement in a passport application, claiming that the trial court erred in (1) denying him a *Franks* hearing and (2) denying his motion to suppress evidence obtained in the search of his apartment. He argues that the search warrant was defective because it was overly broad and lacked probable cause.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

## I *Franks* Hearing

We review de novo the district court's denial of a *Franks* hearing, and conclude that the district court did not err in denying Ekeh a hearing. *U.S. v. Reeves,* 210 F.3d 1041, 1044 (9th Cir.2000). Under *Franks v. Delaware,* the Fourth Amendment requires a hearing where (1) "the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." 438 U.S. 154, 155–156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ While Ekeh has pointed out some minor immaterial inconsistencies between the facts as stated in the affidavit, and as stated elsewhere, he has not made a "sub-stantial preliminary showing" that the affiant made these statements "knowingly and intentionally, or with reckless disregard for the truth." *Id.* As the Court said in *Franks,* the "challenger's attack must be more than conclusory.... There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at 171, 98 S.Ct. 2674.

■ Additionally, even if we were to conclude that Ekeh made such a showing, the affiant's alleged misstatements are not necessary to a finding of probable cause in this case. *See Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674. Casting aside the alleged false portions of these statements, there remains enough credible information in the affidavit to support a magistrate's finding of probable cause. The affiant was involved in an ongoing investigation into criminal fraudulent activities. In a prior search, resulting in a felony arrest of Stephen Ajayi, documents bearing Ekeh's name were found. Then Ajayi was tracked to Ekeh's apartment building by a telephone employee as part of an investigation into his use of cloned cell phones. The affiant then interviewed the apartment managers and determined that Ajayi had been staying in Ekeh's apartment. This is not a case where an investigator was conducting a search on anything less than probable cause.

## II   Defective Search Warrant

*Overbreadth of the Search Warrant*

Because Ekeh did not sufficiently plead or preserve this argument, we will not address its merits. *Greenwood v. F.A.A.,* 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening

---

* Hon. Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." (internal citations omitted)); *see also Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001); *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[W]e will not consider arguments that are raised for the first time on appeal."). Ekeh's arguments on appeal, and in his Motion to Suppress at trial, were merely bare assertions, undeveloped and unsupported by authority.

### Probable Cause

A magistrate's finding of probable cause is reviewed for clear error. *See U.S. v. Collins,* 61 F.3d 1379, 1384 (9th Cir.1995); *see also Reeves,* 210 F.3d at 1045. As discussed above with regard to the *Franks* hearing analysis, there were sufficient facts in the affidavit to warrant a probable cause finding. Thus, the magistrate did not clearly err in determining that there was "a fair probability that contraband or evidence of a crime" would be found in Ekeh's apartment. *Id.* at 1384.

AFFIRMED