**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4159**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

GEORGE ODOM, JR.,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:07-cr-00190-NCT-1)

Submitted:  October 21, 2008        Decided:  October 24, 2008

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant.  Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Odom, Jr., appeals from his conviction and 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon. Odom's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the four-level enhancement to Odom's offense level based on the finding that he possessed the firearm in connection with another felony, U.S. Sentencing Guidelines Manual (USSG) § 2K2.1 (2007), and the reasonableness of the sentence, but stating that there was no merit to the appeal. Odom filed a pro se brief arguing these same issues and contending that his criminal history category was improperly computed and challenging the constitutionality of 18 U.S.C. § 922(g)(1) (2000). Our review of the record discloses no reversible error; accordingly, we affirm Odom's conviction and sentence.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume

2

that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within guideline sentence).

The district court followed the necessary steps in sentencing Odom, and we find no abuse of discretion in the sentence of 120 months of imprisonment. The district court did not clearly err in finding that the gun had the potential to facilitate the sale of marijuana, see USSG § 2K2.1, comment. (n.14), thus, we reject Odom's challenge to the four-level enhancement for possession of the firearm in connection with another felony offense.

Odom argues that his criminal history was improperly calculated, asserting that he was sentenced on the same day for two of his prior convictions, therefore they should not have been counted separately. Because the error, if any, would not affect Odom's sentence, we find no plain error in the computation of Odom's criminal history category. See United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard); USSG ch. 5, pt. A (sentencing table).

Odom also challenges the constitutionality of § 922(g)(1) as a violation of the separation of federal and

state powers clause of the Constitution.  We find no merit to this contention.  See United States v. McKenzie, 99 F.3d 813, 820 (7th Cir. 1996); United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir. 1995).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Odom's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED