**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50536 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00854-LAB-1 |
| v. | |
| RODNEY PARKER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 10, 2010
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Rodney Parker appeals the district court's denial of his motion to dismiss and motions to suppress. We review de novo a denial of a motion to dismiss an indictment on constitutional grounds. *United States v. Gallenardo*, 579 F.3d 1076, 1081 (9th Cir. 2009). We also review de novo a district court's denial of a motion to suppress. *United States v. Lemus*, 582 F.3d 958, 961 (2009). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Parker first claims that 18 U.S.C. § 922(g)(1) is unconstitutional because, he says, it infringes the Second Amendment right to bear arms and violates the equal protection guarantee of the Fifth Amendment. These arguments were recently rejected in *United States v. Vongxay*, No. 09-10072, 2010 WL 431768 (9th Cir. Feb. 9, 2010).

We also reject Parker's argument that 18 U.S.C. § 922(g)(1) violates the Tenth Amendment. We previously have held that Congress's regulation of firearm possession by felons is allowed under the commerce clause, and therefore, does not violate the Tenth Amendment. *United States v. Collins*, 61 F.3d 1379, 1383–84 (9th Cir. 1995). The Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) does not undermine that analysis.

Parker's arguments that the district court erred in denying his motions to suppress also fail. The traffic stop of his vehicle was based on *both* suspicion of

2

illegal window tint *and* suspicion that Parker was a felon in possession of ammunition. The deputy sheriff who stopped Parker had reason to suspect that Parker was a felon; and the deputy saw him leave a gun show with what the deputy reasonably suspected to be a box of ammunition. This information provided a reasonable basis for an investigative stop. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonableness of these suspicions, and the resulting right to investigate, are not affected by the fact that the window tint was ultimately found to be legal. *See United States v. Morales*, 252 F.3d 1070, 1073–74 (9th Cir. 2001). Next, in light of the circumstances, the ten-minute delay between the sheriff's deputy's traffic stop and the arrival of the federal agents was not unreasonable. It did not render the detention unlawful. *See United States v. Mayo*, 394 F.3d 1271, 1276 (9th Cir. 2005).

Likewise, the search of Parker's vehicle after his arrest was not unreasonable. The officers had reason to believe that additional evidence of Parker's crime-of-arrest might be found in the vehicle. *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009). They had already discovered .32 caliber ammunition; it was reasonable to search for a .32 caliber firearm for which the ammunition might have been purchased.

Finally, the surreptitious recording of Parker's statements to his girlfriend did not violate the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a). Parker had no objectively reasonable expectation of privacy while in police custody in the backseat of a government car. *See United States v. Monghur*, 588 F.3d 975, 979 (9th Cir. 2009).

AFFIRMED.