FILED

**NOT FOR PUBLICATION**

DEC 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50362 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03206-DMS |
| v. | |
| ERVIN ALLEN DUCKETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 10, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Ervin Duckett entered a conditional guilty plea to the charge of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He reserved the

right to challenge on appeal the constitutional validity of § 922(g)(1) in light of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Supreme Court's decision in <u>District of Columbia v. Heller</u>, __ U.S. __, 128 S. Ct. 2783 (2008). We review the constitutionality of a federal statute de novo. <u>United States v. Schales</u>, 546 F.3d 965, 971 (9th Cir. 2008).

Duckett puts forth three arguments in support of the unconstitutionality of § 922(g)(1): (1) as applied to him, the statute violates the Second Amendment in light of <u>Heller</u>, (2) felons in different states are treated in a disparate manner in violation of the Equal Protection Clause, and (3) the statute violates the Tenth Amendment because regulation of firearms is not an enumerated power of the federal government.

Duckett's first argument, as he concedes, is squarely foreclosed by this court's decision in <u>United States v. Vongxay</u>, 594 F.3d 1111, 1114 (9th Cir. 2010).

Duckett's second argument is without merit. <u>Vongxay</u> considered a post-<u>Heller</u> equal protection challenge to § 922(g)(1) brought by a felon. Though the argument in that case was slightly different, the reasoning is dispositive here. The defendant in <u>Vongxay</u> argued that § 922(g)(1) violates equal protection because states define "felon" differently. 594 F.3d at 1118. Duckett asserts that the statute violates equal protection because the states differ in the manner in which a felon's rights may be restored. We do not discern a material difference between these

arguments. Rational basis review, therefore, remains appropriate because, as the Vongxay court observed, "the right established by Heller does not apply to felons . . . ." 594 F.3d at 1119.

Duckett's third argument is also without merit. Section 922(g)(1) permissibly regulates felons' possession of firearms by virtue of the commerce clause without violating the Tenth Amendment. United States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir. 1995).

AFFIRMED.

*United States v. Duckett*, No. 09-50362

**IKUTA**, Circuit Judge, concurring:

Although I join the majority in full, were I not bound by *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), I would examine whether, notwithstanding the Supreme Court's dicta in *District of Columbia v. Heller*, --- U.S. ----, 128 S. Ct. 2783, 2816--17 (2008), the government has a substantial interest in limiting a non-violent felon's constitutional right to bear arms. *See United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010) ("[W]e recognize that § 922(g)(1) may be subject to an overbreadth challenge at some point because of its disqualification of all felons, including those who are non-violent."); *United States v. Skoien*, 614 F.3d 638, 645 (7th Cir. 2010) (en banc) (Sykes, J., dissenting); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (Tymkovich, J., concurring). Indeed, other than felon disenfranchisement laws, which are grounded in § 2 of the Fourteenth Amendment, *see Richardson v. Ramirez*, 418 U.S. 24, 54 (1974), I can think of no other constitutional disability that applies only to a "certain category of *persons* . . . [who] may be excluded from *ever* exercising the right." *Skoien*, 614 F.3d at 650 (Sykes, J., dissenting).