MEMORANDUM **
Ervin Duckett entered a conditional guilty plea to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He reserved the right to challenge on appeal the constitutional validity of § 922(g)(1) in light of the Supreme Court’s decision in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). We review the constitutionality of a federal statute de novo. United States v. Schales, 546 F.3d 965, 971 (9th Cir.2008).
Duckett puts forth three arguments in support of the unconstitutionality of § 922(g)(1): (1) as applied to him, the statute violates the Second Amendment in light of Heller, (2) felons in different states are treated in a disparate manner in violation of the Equal Protection Clause, and (3) the statute violates the Tenth Amendment because regulation of firearms is not an enumerated power of the federal government.
Duckett’s first argument, as he concedes, is squarely foreclosed by this court’s decision in United States v. Vongxay, 594 F.3d 1111, 1114 (9th Cir.2010).
Duckett’s second argument is without merit. Vongxay considered a post-Heller equal protection challenge to § 922(g)(1) brought by a felon. Though the argument in that case was slightly different, the reasoning is dispositive here. The defendant in Vongxay argued that § 922(g)(1) violates equal protection because states define “felon” differently. 594 F.3d at 1118. Duckett asserts that the statute violates equal protection because the states differ in the manner in which a felon’s rights may be restored. We do not discern a material difference between these arguments. Rational basis review, therefore, remains appropriate because, as the Vongxay court observed, “the right established by Heller does not apply to felons ....” 594 F.3d at 1119.
Duckett’s third argument is also without merit. Section 922(g)(1) permissibly regulates felons’ possession of firearms by virtue of the commerce clause without violating the Tenth Amendment. United *187 States v. Collins, 61 F.3d 1379, 1383-84 (9th Cir.1995).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.