**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALFRED EUGENE SHALLOWHORN, | No. 11-16383 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01667-AWI-GSA |
| v. | |
| A. MOLINA, Correctional Counselor; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ**, and CALLAHAN, Circuit Judges.

California state prisoner Alfred Eugene Shallowhorn appeals the district

court's 28 U.S.C. § 1915A dismissal, with prejudice, of his First Amended

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kermit V. Lipez, of the United States Court of Appeals for the First Circuit, sitting by designation.

Complaint ("FAC") alleging violations of the First, Eighth, and Fourteenth Amendments, the Ex Post Facto Clause, and California law based on the deprivation of his visitation privileges. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and affirm.

The district court properly dismissed Shallowhorn's claims against Warden Hedgpeth because Shallowhorn failed to allege Hedgpeth's personal involvement with any constitutional violation. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) ("Liability under § 1983 must be based on the personal involvement of the defendant."). "There is no respondeat superior liability under section 1983," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and there were no allegations indicating a "failure to train amount[ing] to deliberate indifference to the rights of persons with whom the [prison officials] come into contact," *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The district court properly dismissed Shallowhorn's claims against CDCR because it is well-established that state agencies enjoy Eleventh Amendment immunity from suit. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that the Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). The doctrine established in *Ex Parte Young*, 209 U.S. 123 (1908), providing an exception to Eleventh Amendment immunity for

2

suits against state officials seeking prospective equitable relief, is limited to claims against individual state officials and does not extend to agencies. *Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (explaining that even in a suit seeking prospective relief in the mold of *Ex Parte Young*, "state agencies are [] immune from suit because they are state entities, not individual state officers").

The district court properly dismissed the claims against defendants Gonzales, Medina, Chrones, Smith, Tilton, Grannis, and Jensen, because those defendants were only involved in the appeals process. Because "inmates lack a separate constitutional entitlement to a specific grievance procedure," these defendants cannot be held liable under § 1983 for denying Shallowhorn's appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The district court likewise properly dismissed the Procedural Due Process claims based on those appeals. *Id.* Only the officials involved in the initial determination to prohibit visitation with minors -- the members of the Unit Classification Committee ("UCC") - Fisher, Thomas, and Molina -- were properly named as defendants.

The district court properly dismissed the Equal Protection Clause claims because the class to which Shallowhorn belongs, in the words of the regulation: "inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d

[murder, rape, or child abuse] when the victim is a minor," 15 CCR § 3173.1(d), does not constitute a protected class, and California had a rational basis for promulgating the regulation at issue. Shallowhorn also failed to adequately allege that he was intentionally treated differently from *similarly situated* inmates. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") (internal quotation marks omitted).

The district court properly dismissed the Eighth Amendment claims because even the six-month complete deprivation of Shallowhorn's visitation privileges did not "create inhumane prison conditions, [or] deprive [Shallowhorn] of basic necessities." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003).

The district court properly dismissed the Ex Post Facto Clause claims because the purposes and effects of the regulation at issue were not punitive. *See United States v. Collins*, 61 F.3d 1379, 1383 (9th Cir. 1995).

The district court properly dismissed the Substantive Due Process and First Amendment claims based on the continued restriction on contact visitation with minors because inmates possess no constitutional right to contact visitation. *Block v. Rutherford*, 468 U.S. 576, 589 (1984); *Gerber v. Hickman*, 291 F.3d 617, 621

4

(9th Cir. 2002) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits . . .").

The district court also properly dismissed the Substantive Due Process and First Amendment claims based on the temporary (six-month) prohibition on all visitation with minors.  Although it is well established that the First Amendment protects parent-child association, *Board of Dir. v. Rotary Club*, 481 U.S. 537, 545 (1987), and a parent generally has a "fundamental liberty interest" in "the companionship and society of his or her child," *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), it nonetheless remains true that those rights can be significantly curtailed during incarceration.  *See Overton*, 539 U.S. at 131.  The relative brevity of the burden on those rights here by way of a ban on minor visitation did not violate the First or Fourteenth Amendments.

Finally, the district court properly dismissed Shallowhorn's state law claims because he failed to state a cognizable federal claim.  28 U.S.C. § 1367.

**AFFIRMED.**