**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Danny Lynn QUALLS, Defendant–Appellant.**

No. 95–50378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1996.

Decided March 5, 1997.

Vernon C. Jolley, Riverside, California, for defendant-appellant.

Jack S. Weiss, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: FARRIS, BEEZER and TASHIMA, Circuit Judges.

## OPINION

BEEZER, Circuit Judge:

Danny Lynn Qualls appeals his conviction for being a felon in possession of a firearm. Qualls argues that the district court erred in holding that his prior conviction for assault with a deadly weapon is a predicate conviction under 18 U.S.C. § 922(g)(1). Qualls also contends that the district court erred in granting the government's motion in limine to preclude Qualls from arguing this issue to the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse.

## I

In 1975, Qualls pled guilty to assault with a deadly weapon in violation of Cal.Penal Code § 245(a). The California court granted Qualls felony probation and suspended further proceedings. In 1980, the court ordered an early termination of Qualls' probation upon payment of $500 for probation costs. Qualls never applied to have his offense declared a misdemeanor, to withdraw his guilty plea or to dismiss the information against him, as California law permits.

On September 9, 1994, pursuant to a search warrant, agents of the Bureau of Alcohol, Tobacco, and Firearms recovered six firearms that had been shipped or transported in interstate or foreign commerce from Qualls' residence in Garden Grove, California.

A grand jury subsequently indicted Qualls on one count of violating 18 U.S.C. § 922(g)(1) for possession of the six firearms. After trial, the jury returned a guilty verdict. The court sentenced Qualls to forty-one months incarceration, a three-year period of supervised release and a special assessment of $100. This appeal followed.

## II

■ Qualls contends that his 1975 conviction in California for assault with a deadly weapon cannot serve as a predicate conviction under 18 U.S.C. § 922(g)(1). Qualls' appeal involves questions of statutory interpretation which we review de novo. *United*

*States v. Herron,* 45 F.3d 340, 341 (9th Cir. 1995).

### A

■ Qualls first argues that his prior state conviction is a misdemeanor for purposes of 18 U.S.C. § 922(g)(1). Section 922(g)(1) states:

> [it] shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The statute's reference to "a crime punishable by imprisonment for a term exceeding one year" is considered a term of art that does not encompass "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). To fall outside the purview of § 922(g)(1), Qualls' prior conviction must both be considered a misdemeanor under California law and be punishable by less than two years imprisonment.

California has not classified Qualls' conviction for assault with a deadly weapon as a misdemeanor. Under California law, assault with a deadly weapon can be either a felony or a misdemeanor depending on the sentence imposed. Cal.Penal Code § 245(a) (assault with a deadly weapon is punishable by fine, by imprisonment in county jail or by imprisonment in state prison); Cal.Penal Code § 17(a) (a felony is a crime punishable by imprisonment in state prison; all other crimes are misdemeanors unless otherwise classified). An offense which can be either a felony or a misdemeanor is a misdemeanor for all purposes either:

> (1) after a judgment imposing a punishment other than imprisonment in the state prison [or]
>
> . . .
>
> (3) when the court grants probation to a defendant without imposition of sentence

and at the time of granting probation, or on application of the defendant thereafter, the court declares the offense to be a misdemeanor.

Cal.Penal Code § 17(b).

Qualls' conviction does not qualify as a misdemeanor under either provision. Qualls argues that § 17(b)(1) applies because the $500 fee the state court ordered Qualls to pay upon termination of his probation was a "punishment other than imprisonment in the state prison." The order terminating Qualls' probation, however, explicitly notes that $500 fee was to cover the costs of probation. Payment of the costs of probation is not a punishment. Further, the state court's initial grant of probation to Qualls is not a "judgment imposing a punishment other than imprisonment in state prison." *See United States v. Robinson,* 967 F.2d 287, 293 (9th Cir.1992) (under California law, an order granting probation and suspending the imposition of sentence is not a judgment for purposes of Cal.Penal Code § 17(b)) (citing *People v. Smith,* 195 Cal.App.2d 735, 737, 16 Cal.Rptr. 12 (1961) and *People v. Arguello,* 59 Cal.2d 475, 476, 30 Cal.Rptr. 333, 381 P.2d 5 (1963)).

Section 17(b)(3) is also inapplicable. The state court which granted Qualls probation did not declare Qualls' offense a misdemeanor. Rather, as Qualls admits, the court imposed a five-year felony probation. Nor did Qualls' conviction become a misdemeanor under California law when his probation terminated. The record does not indicate that Qualls applied to have his offense declared a misdemeanor, as is required by § 17(b)(3). *See People v. Banks,* 53 Cal.2d 370, 391, 1 Cal.Rptr. 669, 348 P.2d 102 (1959).

Our decision in *United States v. Horodner* supports the conclusion that Qualls' prior conviction is a felony for purposes of 922(g)(1). 993 F.2d 191 (9th Cir.1993) ("*Horodner I*"). In *Horodner I* we held that whether a conviction is a felony depends not upon the actual punishment received, but upon whether the conviction is *"punishable by more than one year in prison."* *Id.* at 194. Like Qualls, the *Horodner I* defendant was convicted of assault with a deadly weapon in violation of Cal.Penal Code § 245(a)(1), but did not serve any time in a state prison. Because assault with a deadly weapon is punishable by up to four years in state prison, Cal.Penal Code § 245(a)(1), however, the defendant's prior conviction properly served as a predicate to conviction under 18 U.S.C. § 922(g)(1). The same analysis applies to Qualls' California conviction for assault with a deadly weapon.

**B**

 Qualls next maintains that California has expunged his conviction. If a state expunges a felon's conviction, that conviction "may not serve as a predicate conviction for a violation of section 922(g)(1), unless [the felon] has been informed by the state statute or other state action of any prohibition concerning firearms." *United States v. Collins,* 61 F.3d 1379, 1382 (9th Cir.) (quoting *United States v. Cardwell,* 967 F.2d 1349, 1350) (9th Cir.1992), *cert. denied,* — U.S. —, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995); *see* 18 U.S.C. § 921(a)(20).

 Under California law, when a court terminates a defendant's probation before the probation period has expired, the defendant is entitled to withdraw his guilty plea, have the accusation or information against him dismissed and be released from all penalties and disabilities resulting from the conviction. Cal.Penal Code § 1203.4. A defendant must petition the court for such expungment. *Id.; California v. Ignazio,* 290 P.2d 964, 137 Cal.App.2d Supp. 881, 882 (1955). Because Qualls never made such a petition, the state court never expunged his conviction.

**C**

 Qualls also contends that he has retained his civil rights. A conviction for which a state has restored a felon's civil rights is not considered a "conviction" under 18 U.S.C. § 922(g)(1) unless the restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20); *Collins,* 61 F.3d at 1382.

■ We perform a two-step inquiry to determine if a defendant's civil rights have been restored. *United States v. Meeks*, 987 F.2d 575, 578 (9th Cir.1993) (citing *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991)). First, we ascertain whether a felon's civil rights are substantially restored under state law. If they are, we then determine whether state law expressly restricts the felon's right to possess firearms. *Id.*

Qualls' civil rights have been "restored" within the meaning of 18 U.S.C. 921(a)(20) because his California conviction did not impair his civil rights.[1] In *People v. Banks*, the California Supreme Court held that:

> a defendant whose guilt has been established ... but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. The probationer ... still retains his ordinary civil rights, unless the court has restricted them....

53 Cal.2d at 386–87, 1 Cal.Rptr. 669, 348 P.2d 102. A person is entitled to all civil rights when there is no final or pending judgment of conviction against him or her. *Stephens v. Toomey*, 51 Cal.2d 864, 873–74, 338 P.2d 182 (1959). There is no judgment pending against a probationer when the court withholds imposition of judgment and suspends further proceedings. *See id.* at 871, 338 P.2d 182. Because the California court granted Qualls probation and suspended further proceedings, Qualls does not have a final or pending judgment against him in California. Qualls has retained his civil rights.

■ We next determine whether California has expressly provided that Qualls may not own or possess certain firearms. We look to state law at the time restoration is granted, without regard to a later restriction or expansion of the defendant's civil rights, to determine if a state has prohibited the defendant from possessing firearms. *Collins*, 61 F.3d at 1382. Because Qualls' conviction never resulted in the impairment of his civil rights, we cannot undertake the usual "time of restoration" inquiry. We look instead to the time of conviction to determine whether California law prohibited Qualls from possessing certain firearms. We choose to examine the time of conviction because it is analogous to the "time of restoration." This is so because California permitted Qualls, a felon, to retain his civil rights, at the time of conviction, similar to the way in which a state may restore a felon's civil rights after conviction. We therefore examine California law as it existed in 1975 to determine whether California restricted Qualls' right to possess firearms.

In 1975, when Qualls was convicted, California law expressly prohibited felons from possessing a "pistol, revolver, or other firearm capable of being concealed upon the person."[2] Cal.Penal Code § 12021(a) (possession of such weapons is a crime for a person with a prior felony conviction); *see People v. Loomis*, 231 Cal.App.2d 594, 596, 42 Cal.Rptr. 124 (1965) (defendant suffers a "conviction" for purposes of § 12021 when defendant pleads guilty and the court grants probation and suspends further proceedings).

In *United States v. Dahms*, we held that the defendant, whose civil rights were substantially restored, could not be convicted under 18 U.S.C. § 922(g)(1) for possession of a firearm which state law permits him, even

---

1. Because California never impaired Qualls' civil rights, he did not need to apply under Cal.Penal Code § 1203.4 to restore those rights. Section 1203.4(a) states that, upon application to the court, a former probationer shall be "released from all penalties and disabilities resulting from the offense."

2. A "pistol, revolver, or other firearm capable of being concealed upon the person" includes:

 any device designed to be used as a weapon, from which is expelled a projectile by the force of any explosion, or other form of combustion, and which has a barrel less than 16 inches in length. These terms also include any device which has a barrel 16 inches or more in length which is designed to be interchanged with a barrel less than 16 inches in length.

 Cal.Penal Code § 12001(a).

 We note that the same restrictions applied in 1980 at the time Qualls' probation terminated. In 1989 California changed its felon in possession law to prohibit felons from carrying any firearm. Cal.Penal Code § 12021(a).

though the state restricted defendant from possessing another type of firearm. 938 F.2d at 134–35. Under § 921(a)(20)(B), Qualls' prior felony conviction is not cognizable for the purposes of § 922(g)(1) unless Qualls possessed firearms prohibited to him under California law.[3]

As Qualls neither objected to the admission of any of the firearms found at his residence nor requested an instruction limiting the jury to consider only those firearms which California prohibits him from possessing, we review for plain error. *See United States v. Bracy,* 67 F.3d 1421, 1431 (9th Cir.1995). Plain error is error that is clear under the law and that affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732–735, 113 S.Ct. 1770, 1776–1778, 123 L.Ed.2d 508 (1993). "If these elements are established, the court of appeals should correct a plain error affecting substantial rights if it seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Dorri,* 15 F.3d 888, 891 (9th Cir.1994) (internal quotations omitted).

■■■ The indictment charged Qualls with one count of being a felon in possession of a firearm for all six firearms found in his residence. The district court instructed the jury that the government must prove beyond a reasonable doubt that:

> Defendant Danny Lynn Qualls knowingly possessed at least one of the firearms described in the indictment, with all members of the jury agreeing on a particular firearm that you, the jury, find the defendant possessed.

These instructions mandated jury unanimity as to which firearm(s) Qualls possessed, but did not require the jury to specify which weapons it found Qualls possessed. Further, the district court gave no instruction that only those firearms which qualify as "pistol[s], revolver[s], or other firearm[s] capable of being concealed," under Cal.Penal Code

§ 12001(a), subject Qualls to conviction under 18 U.S.C. § 922(g)(1).

The district court committed plain error by failing to instruct the jury that it could only convict Qualls for possessing those firearms included in the Cal.Penal Code § 12001(a) definition. This error is clear under the law. The error affects both Qualls' substantial rights and the fairness of the proceeding because it is impossible to know on what grounds the jury found Qualls guilty. If the jury found, for example, that Qualls only possessed firearms permitted to him under California law, his conviction was improper. The Supreme Court has held that where one of the grounds of conviction made available to the jury was legally erroneous, "the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected." *Griffin v. United States,* 502 U.S. 46, 52, 112 S.Ct. 466, 470, 116 L.Ed.2d 371 (1991) (quoting *Yates v. United States,* 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957)). Such is the case here.

### III

■■■ Last, Qualls argues that the district court abused its discretion in fully granting the government's motion in limine. *See United States v. Rambo,* 74 F.3d 948, 955 (9th Cir.) (motion in limine rulings reviewed for abuse of discretion), *cert. denied,* —— U.S. ——, 117 S.Ct. 72, 136 L.Ed.2d 32 (1996). The district court correctly precluded Qualls from arguing to the jury that his prior conviction was a misdemeanor under California law and that his prior conviction had been expunged. The district court erred, however, by not permitting Qualls to argue that he possessed his full civil rights. As discussed above, Qualls should not have been subject to

---

**3.** The government's reliance on *United States v. Horodner* is misplaced. 91 F.3d 1317 (9th Cir. 1996) (*"Horodner II"*), *cert. denied,* —— U.S. ——, 117 S.Ct. 997, 136 L.Ed.2d 877, (1997). In *Horodner II* we clarified that *Dahms* only prevents conviction under § 922(g)(1) when a defendant's civil rights have been restored. *Id.* at 1319. *Horodner II* emphasized that *Dahms* did

not "rest upon an interpretation of the term 'firearm' as it applies in § 922(g)(1)... Rather, [the holding in *Dahms* ] rests upon an interpretation of the "unless" clause in § 921(a)(20)." *Id.* (quoting *Dahms,* 938 F.2d at 134 n. 4). Unlike the *Horodner II* defendant, Qualls has retained all of his civil rights.

conviction for possession of those firearms which did not meet the statutory definition of a "pistol, firearm, or other firearm capable of being concealed upon the person." Cal.Penal Code § 12001(a). The district court should have permitted Qualls to argue this to the jury.

REVERSED