142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Autar E. NAUTON, Petitioner-Appellant,
v.
Anthony NEWLAND, Respondent-Appelee.
 No. 97-15348.
D.C. No. CV-96-00589-DLJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Decided April 29, 1998.
Submitted January 15, 1998**.
 
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding.
 Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Autar Edward Nauton ("Nauton"), a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for first degree robbery and assault with a deadly weapon. Nauton contends that his constitutional rights were violated because: (1) jurors were exposed to extrinsic evidence prejudicial to Nauton; (2) excluded evidence was admitted at trial; and (3) eyewitness identifications at trial were premised on pretrial identification procedures which were impermissibly suggestive. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm, however, Judge Ferguson dissents.
 
 DISCUSSION
 
 3
 At the outset, it must be noted that the state court's findings of fact are presumed correct, and Nauton has not rebutted this presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986) (presumption of correctness adheres to appellate as well as trial court determinations). Here, the state appellate court found that while the jury was aware of both the file stamped "career criminal" and Nauton's parole status, there was no discussion during deliberations of either. The state court reached this conclusion based on juror statements. Additionally, the state trial court found that Nauton's photograph was not impermissibly dissimilar to the others in the photographic lineup at issue. Therefore, a remand for an evidentiary hearing is not necessary because the state courts reliably have found the relevant facts. Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir.1986).
 
 
 4
 Nauton contends that the presentation of extrinsic evidence to the jury violated his due process rights. Specifically, Nauton claims that the jury foreperson saw the words "career criminal" stamped on the prosecution's file and shared this information with other jurors in the jury room. This contention is without merit.
 
 
 5
 The district court correctly ruled that the extrinsic evidence did not prejudice or contribute to the verdict. The jury's knowledge of this file did not have a "substantial and injurious effect or influence in determining the jury's verdict." Lawson v. Borg, 60 F.3d 608, 612 (quoting Brecht v. Abrahamson, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). According to Lawson, several factors are relevant to determining whether the alleged introduction of extrinsic evidence constitutes reversible error:
 
 
 6
 (1) whether the extrinsic material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the jury discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so, at what point in the deliberations it was introduced; and (5) any other matters which may bear on the issue of ... whether the introduction of extrinsic material [substantially and injuriously] affected the verdict."
 
 
 7
 Id. (quoting Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986)).
 
 
 8
 First, it is unclear that the extrinsic material actually was received. The jury merely was exposed to the extrinsic material when the prosecutor carried the file marked "career criminal" into court. However, the jury foreperson observed the file from her seat in the jury box. Second, it is unclear how long this file was exposed to the jury. Third, one juror heard a remark while in the jury room that another juror had seen some papers indicating Nauton was a career criminal. However, Nauton failed to show that this information was considered during deliberations. Finally, this extrinsic information was irrelevant to the reliability of Nauton's identification. Thus, there was no direct and rational connection between the extrinsic evidence and a prejudicial jury conclusion. Cf. id. at 612-613.
 
 
 9
 Nauton contends further that the exposure of inadmissible evidence to the jury violated his due process rights. Specifically, Nauton contends that Agent Richard Robles disclosed that he was Nauton's parole officer during Robles' testimony at trial. We disagree.
 
 
 10
 Nauton's parole status was deduced by some jurors from Robles' testimony. However, it was not discussed in deliberations. Moreover, there was ample other evidence of Nauton's guilt. Accordingly, Robles' oblique references to Nauton's parole status were not so arbitrary or prejudicial as to render Nauton's trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir.1995).
 
 
 11
 Finally, Nauton argues that eyewitness identifications at trial were premised on impermissibly suggestive pretrial identification procedures. Specifically, Nauton claims that the identification of Nauton in a "one-man showup" at a parole revocation hearing, wearing mechanical restraints and an orange prison jumpsuit, by two witnesses impermissibly affected the later in-court confrontation and identification by these witnesses. Nauton claims also that only his photograph of those compiled in the photographic lineup matched the description given by witnesses. This contention, too, lacks merit.
 
 
 12
 Even assuming arquendo that the pretrial identification procedures were suggestive, they nonetheless were reliable. See Van Pilon, 799 F.2d at 1338. The factors to be considered when determining reliability include: "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the level of certainty demonstrated at the confrontation, and (5) the length of time between the crime and the confrontation." Id. at 1339 (citing Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)).
 
 
 13
 All of the witnesses observed the criminal during the course of the robberies for at least fifteen to thirty seconds and for as long as fifteen minutes. Each witness paid attention to the criminal's physical appearance--some even consciously trying to memorize details. Prior descriptions of the criminal generally matched Nauton. Although some of the witnesses were not entirely certain in their initial identifications, all five witnesses positively identified Nauton in photo lineups, and each witness was positive of his or her identification of Nauton at trial. The robberies occurred in 1989, and Nauton was convicted in 1992. Accordingly, on the basis of the foregoing, the identifications were reliable.
 
 CONCLUSION
 
 14
 The district court's judgment is affirmed. Insofar as Nauton requests "belated ordering of portions of transcripts of proceedings in District Court," these items either are already contained in the record on appeal or are unnecessary. Regarding Nauton's request for oral argument, this case is suitable for submission on the briefs. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Thus, Nauton's requests are denied.
 
 
 15
 AFFIRMED.
 
 
 16
 FERGUSON, Circuit Judge dissenting.
 
 
 17
 I dissent.
 
 
 18
 The fact that the prosecution brought into the courtroom a file stamped "career criminal", placed it so that it was visible to the jury, the jury foreperson saw it and shared that information with other jurors in the jury room, constitutes structural error.
 
 
 19
 In United States v. Noushfar, 140 F.3d 1244, 1998 WL 146418 (9th Cir. April 1, 1998) (Nos.94-30229, 94-30350, 94-30353), this Court reaffirmed the rule that when an error undermines one of the most fundamental tenets of our justice system: that a defendant's conviction must be based only on evidence presented at trial, the error is so fundamental and defies meaningful review that automatic reversal is required.
 
 
 20
 Furthermore, in United States v. Oualls, 140 F.3d 824, 1998 WL 149393 (9th Cir. April 2, 1998) (No. 95-50378), the en banc panel reaffirmed the rule in this circuit that if there is only speculation whether an error was prejudice or merely harmless, the harmless error rule is inapplicable. In this case, the error is conceded. The effect of the error with reference to the defendant's due process rights is only speculative and therefore prejudicial.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3