**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ALVAREZ HERNANDEZ, | No. 09-15732 |
| Petitioner - Appellant, | D.C. No. 2:00-cv-00460-FCD-GGH |
| v. | |
| WILLIAM DUNCAN; PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District Judge.[***]

Raul Hernandez ("petitioner"), a California state prisoner, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition. Petitioner was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The Honorable Thomas F. Hogan, Senior United States District Judge for the District of District of Columbia, sitting by designation.

convicted by a jury of possession of heroin while being an inmate in prison. *See* Cal. Penal Code § 4573.6. The jury also determined that petitioner had been convicted of two prior "serious felonies"—burglary, Cal. Penal Code § 459, and murder, Cal. Penal Code § 187—within the meaning of California's three strikes law. *See* Cal. Penal Code § 667. Petitioner was sentenced to an indeterminate term of 25 years-to-life.

We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 petition and its factual findings for clear error. *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008). Because petitioner filed his petition after April 24, 1996, we review it under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and grant the petition if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009). We affirm.

The California Court of Appeal's determination that there was sufficient evidence to find that petitioner's prior burglary conviction was a "serious felony" under Cal. Penal Code § 667 was neither contrary to, nor involved an unreasonable

2

application of, clearly established Supreme Court law. At the time petitioner committed the burglary, burglary of an inhabited dwelling was listed as a "serious felony." *See* Cal. Penal Code § 1192.7(c). Although petitioner's burglary offense constituted a "wobbler" under California law, *see* Cal. Penal Code § 461, it is clear that petitioner was charged with and pled no contest to felony burglary. The jury received a copy of the information charging petitioner with a violation of Cal. Penal Code § 459 to-wit: "burglary, a felony" and the transcript of the change of plea hearing.[1] At the change of plea hearing, petitioner pleaded no contest to "burglary, a felony," and stated both that he understood he could receive up to 16 months in state prison and that his conviction was a felony. Because this evidence is sufficient for any rational trier of fact to conclude that petitioner was convicted of a serious felony within the meaning of section 667, the state court decision was not improper. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Qualls*, 108 F.3d 1019, 1021-22 (9th Cir. 1997); *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992).

The California Court of Appeal's decision that petitioner's trial and appellate counsel were not ineffective for failing to raise arguments regarding

---

[1] Although petitioner does not dispute that his offense involved an inhabited dwelling, we note that the plea transcript describes the factual basis for the plea as a residential burglary.

insufficiency of the evidence on the burglary conviction was not contrary to, or an unreasonable application of, clearly established Supreme Court law. Because there was sufficient evidence for a rational trier of fact to find that petitioner was convicted of felony burglary, petitioner fails to show deficient performance or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**AFFIRMED**.