**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory CAMPBELL, Defendant–Appellant.**

No. 00–30114.

D.C. No. CR–98–00279–KI.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2001 *.

Decided March 19, 2001.

R.App. P. 34(a)(2).

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

■ To be entitled to a *Franks*[1] hearing, Campbell "must first make a substantial preliminary showing that the affidavit contained a misleading omission and that the omission resulted from a deliberate or reckless disregard of the truth. Second, he must demonstrate that had there been no omission, the affidavit would have been insufficient to establish probable cause."[2] We need not undertake the second inquiry, because Campbell's claim does not survive the first.[3]

■ " 'Whether ... omissions are intentional or reckless is a factual finding reviewed under the clearly erroneous standard.' "[4] In holding that "there is no evidence that Lawrence's failure to report Hicks' criminal record was either intentional or reckless," the district court did not clearly err. The uncontroverted evidence shows that Lawrence did not obtain Hicks' criminal record until four days after obtaining the search warrant. Campbell believes that Lawrence either chose not to run Hicks' record, or that he ran Hicks' record but intentionally withheld this information from the affidavit. The first proposition, even if true, does not require a hearing.[5] The second, of course, would,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

2. *United States v. Collins,* 61 F.3d 1379, 1384 (9th Cir.1995).

3. *Compare United States v. Hall,* 113 F.3d 157, 159 (9th Cir.1997) (deciding the second

issue when the Government conceded the first).

4. *United States v. Bertrand,* 926 F.2d 838, 842 (9th Cir.1991) (quoting *United States v. Dozier,* 844 F.2d 701, 705 (9th Cir.1988)).

5. *United States v. Miller,* 753 F.2d 1475, 1478 (9th Cir.1985) (holding that although "[i]t might have been prudent for the federal agents to check on the [confidential informant's] background and criminal record, ...

if supported by evidence, but Campbell proffers none. He "disbelieves [Lawrence], but that disbelief does not amount to the substantial showing required under *Franks*." [6]

Because Campbell did not make a substantial preliminary showing that the omission was made either recklessly or intentionally, the district court did not err.

AFFIRMED.

their failure to do so is not reckless disregard").

6. *United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir.1995).